IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:10CR311–HEH
)
ANTONIO WAYNE LIGHTFOOT, )
)
Petitioner. )

## MEMORANDUM OPINION
(Granting 28 U.S.C. § 2255 Motion)

Antonio Wayne Lightfoot, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 39) to vacate, set aside, or correct his sentence. In his § 2255 Motion, Lightfoot demands relief upon the following ground:

> I pled guilty to a conspiracy offense involving 50 grams or more of cocaine base which occurred in December of 2009. When I was sentenced on June 9, 2011, the Court applied the ten year mandatory minimum sentence and five year mandatory supervised release term prescribed by 21 USC 841(b)(1)(A)(iii) to my offense. However, effective August 3, 2010 these penalties are only authorized for offenses involving 280 grams or more of cocaine base, and the Supreme Court holds that the amended version of 841(b)(1)(A)(iii) applies retroactively to defendants like myself, whose conduct predated enactment of the Fair Sentencing Act of 2010 on August 3, 2010 but who were sentenced after that date, see *Dorsey v. United States*, 183 L. Ed. 2d. 250 (2012).

(§ 2255 Mot. 5A.)[1] The Government has responded and agrees that Lightfoot is entitled to relief. (Gov't's Resp. 3, ECF No. 46.) For the reasons set forth below, the § 2255 Motion (ECF No. 39) will be granted.

---

[1] Lightfoot raises a second claim, which is simply a variant of the above stated claim.

## I. Procedural History

On November 15, 2010, a grand jury charged Lightfoot with conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base from December 1, 2009 until December 31, 2009. (Indictment 1, ECF No. 9.) On January 28, 2011, Lightfoot pled guilty to the charge in the Indictment. (Plea Agreement 1, ECF No. 13.) The Government and Lightfoot agreed that for purposes of calculating Lightfoot's drug quantity, Lightfoot was responsible for "at least 112 grams, but less than 196 grams of cocaine base." (Statement of Facts ¶ 6, ECF No. 14.) On June 9, 2011, the Court sentenced Lightfoot to 120 months of imprisonment, the mandatory minimum sentence in effect at the time of Lightfoot's criminal conduct.[2]

## II. Analysis

Congress enacted the Fair Sentencing Act of 2010 ("FSA"),[3] with an effective date of August 3, 2010. *See Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012). Among other things, the FSA increased the amount of crack cocaine necessary to trigger the statutory mandatory minimum sentences under 21 U.S.C. § 841(b)(1). *See id.* Under the revised statute, the quantity of crack required for the mandatory minimum ten-year sentence was increased from 50 grams to 280 grams. *See id.*; 21 U.S.C. § 841(b)(1)(A)(iii). The *Dorsey* Court held that the FSA applied to defendants, such as Lightfoot, who were convicted for conduct occurring before the enactment FSA, but who

---

[2] Lightfoot had an advisory Sentencing Guidelines range of eighty-four (84) to one hundred and five (105) months. (Presentence Report Worksheet D.)

[3] Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372.

2

were sentenced after the FSA went into effect on August 3, 2010. *Dorsey*, 132 S. Ct. at 2335. In light of the foregoing circumstances, Lightfoot's § 2255 Motion (ECF No. 39) will be granted. *See Ingram v. United States*, --- F. App'x ----, No. 12–1370, 2013 WL 5977453, at *2 (7th Cir. Nov. 12, 2013) (remanding § 2255 motion for resentencing). The Court will set the matter for resentencing.

An appropriate Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 21, 2014
Richmond, Virginia